## SPAUGH *v.* ZEIGLER.

APPEAL.—*Preponderance of Evidence.*—Where the burden of the issue was on the defendant, and his statement as a witness was confirmed by two other witnesses, and controverted by the plaintiff who was supported by a memorandum made by the defendant, the Supreme Court refused to disturb the finding of the jury in favor of the plaintiff, on the ground of the preponderance of the evidence.

APPEAL from the Bartholomew Common Pleas.

DOWNEY, J.—Suit by the appellee against the appellant, commenced before a justice of the peace, on a promissory note. The defendant pleaded a set-off, consisting of an account for goods sold, and a note of one Levi Zeigler, payable to Spaugh and Norris, which he claimed the plaintiff had agreed to pay. Before the justice of the peace there was a trial by jury and verdict and judgment for the plaintiff. The defendant appealed to the common pleas. In that

court, before proceeding to trial, the defendant expressly waived all benefit of the general denial, and admitted the execution of the note sued on, and moved the court for leave to open and close the case, which was accorded to him. The plaintiff then admitted the set-off, so far as it consisted of a claim for goods sold; so that the only remaining question was whether or not the plaintiff had assumed to pay the note of Levi Zeigler to Spaugh and Norris. This disputed question was tried by the court, and there was a finding for the plaintiff; a motion for a new trial was made and overruled, and judgment rendered for the plaintiff. The errors assigned call in question the correctness of the ruling of the court in refusing to grant a new trial.

Counsel for the appellant argue the case upon the preponderance of the evidence in favor of their client, and, knowing the rule which governs this court in the re-examination of questions of fact, earnestly insist that this is a case which does not fall within the general rule with reference to the sufficiency of the evidence. We cannot agree with them in the conclusion that the evidence in the case would justify us in disturbing the judgment. It appears, in substance, that Zeigler, the plaintiff, sold a house and lot to the defendant, for which the defendant agreed to pay him six hundred dollars and two pigs. Zeigler admits that he was to take up in part payment for the house and lot whatever claims Spaugh held against himself, his father, his *sister Clara*, and a judgment against Levi Zeigler, but says he was not to take up the note in question. Spaugh contends for the same state of facts exactly, except that he insists that the plaintiff was to take up the note of Levi Zeigler also. Spaugh, his son, and one Hatton testified that the arrangement was to extend to all debts that Spaugh held against the plaintiff, his father, his sister Clara, and his brother Levi whether notes, accounts, or judgments; while the plaintiff, on the contrary, testified that he was not to take up the note on Levi Zeigler; and he also produced and gave in evidence a written

statement made by Spaugh, on the day on which the trade was completed, in which the several claims which were deducted from the price of the land are set down and the amount of each carried out, in which the note of Levi is not mentioned, and which shows as a balance due to the plaintiff, after deducting the amount of the claims mentioned in the memorandum, the sum for which the note was given on which this suit was brought.

Whether the preponderance of the evidence was in favor of the defendant, or in favor of the plaintiff, it is not our duty or province to decide. This was a question for the jury. They have decided it; and, being governed by the rule which we must apply to the case, we cannot reverse the judgment.

We may remark that the note in dispute is payable to Spaugh and Norris, and not to Spaugh. But whether that consideration had anything to do with the determination of the question before the jury, or not, we do not know.

It is insisted by counsel for the appellee that the agreement or promise, if one had been made by the plaintiff, to pay off or take up the note of Levi Zeigler, would have been invalid under the statute of frauds. But we need not decide that question, as the case must be affirmed on the other ground.

It was urged by the appellant, in the motion for a new trial, that the court had erred in holding and ruling upon the trial, in applying the testimony to the issues in the case, that the defendant was only entitled, in his defence, to the benefit of such facts as were set up in his special answer. The ground of this complaint is in no way shown. If the court had so ruled, perhaps it would have been proper. The parties seem to have staked the result on the correctness of the single item in the set-off relating to the Levi Zeigler note, and the burden of that question was on the defendant. The evidence seems to have gone fully to the jury, and we can see no good ground for any complaint.

The judgment is affirmed, with five per cent. damages and costs.

*R. Hill* and *G. W. Richardson*, for appellant.

*F. T. Hord*, for appellee.